UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALLEN ROSE, AS MANDATARY OF
EDWARD ROSE                                          CIVIL ACTION

VERSUS                                               NO. 26-0004-JWD-RLB

LA WESTFORK, LLC, ET AL.


## ORDER

Defendants, Ark Post Acute Network ("Ark") and LA Westfork, LLC ("LA Westfork") (collectively, "Defendants"), have filed a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* (Doc. 3) ("*MTD*") in which they argue that the claims by Plaintiff Allen Rose, as mandatary of Edward Rose ("Plaintiff"), fail for a number of reasons.  Specifically, Defendants argue:

(1) Plaintiff's action is premature because, as a medical malpractice claim, Plaintiff must complete the medical review process required by La. R.S. 40:1231.8(A)(1)(a) before pursuing litigation, and Plaintiff has not completed this process;

(2) Plaintiffs seek liability against Ark based on violations of state and federal regulations, specifically La. Admin Code tit. 48 § I-9821(A), La. Admin Code tit. 48 § I-9757, and 42 C.F.R. § 483.35, but, Defendants say, these regulations do not provide a private right of action;

(3) Plaintiffs claim LA Westfork is liable based on purported violations of Nursing Home Resident Bill of Rights pursuant to La. R.S. 40:2010.9(A). But Defendants say this law allows for recovery of attorney's fees only if the claimant seeks injunctive relief, and, since Plaintiff is not seeking injunctive relief, that claim must be dismissed.

(4) Plaintiff's claims against LA Westfork are contradictory and self-defeating. Thus, Defendants contend that the *Petition for Damages* (Doc. 1-4) is defective for failing to articulate a plausible claim (as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556

U.S. 662 (2009)).

Plaintiff maintains that his *Petition* withstands the challenges raised by the *MTD*. (*See* Doc. 9.) Plaintiff does not specifically request leave to amend to cure any deficiencies detailed in the *MTD* should the *MTD* be granted. (*See id.*)

The Court reviewed the motion. Without expressing any view as to its merits, the Court affords Plaintiff an opportunity to cure the purported pleading defects; the Court grants Plaintiff leave to file an amended complaint, in accordance with Fed. R. Civ. P. 15(a)(2). *See Jordan v. Gautreaux*, 593 F. Supp. 3d 330, 372–73 (M.D. La. 2022) (granting leave to amend in response to successful Rule 12(b)(6) motion when no prior amendment was given in response to ruling from the Court).

Any amended complaint must plead specific factual allegations that, if true, would "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. Plaintiff will be given **fourteen (14) days** in which to amend the operative complaint to plead viable claims. Defendants will have **fourteen (14) days** thereafter to file any responsive pleadings. Plaintiff is advised that, if Defendants file another motion to dismiss which the Court ultimately grants, it is highly likely the Court will deny leave to amend due to futility.

In that vein, Plaintiff's counsel is reminded that there must be a good faith basis in law and fact to assert any claims in the amended complaint. *See* Fed. R. Civ. P. 11. However, Defendants are likewise reminded that, if Plaintiff has successfully cured the deficiencies of his prior complaint, Defendants should not file another Rule 12 motion. *See id.* The Court notes that its docket is highly congested right now as a result of a number of emergency motions involving federal and state action, so the parties conduct themselves so as to promote judicial economy and conserve party and judicial resources. *See* Fed. R. Civ. P. 1 (stating that the federal rules "should

be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* (Doc. 3) is **DENIED WITHOUT PREJUDICE.** Defendants can re-urge any argument made in their *MTD* in response to an amended complaint, if appropriate.

Signed in Baton Rouge, Louisiana, on <u>May 26, 2026</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3